In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Earl A. CHARLTON, Attorney at Law:

OFFICE OF LAWYER REGULATION f/k/a Board of Attorneys Professional Responsibility, Complainant,

v.

Earl A. CHARLTON, Respondent.

Supreme Court

*No. 87–1021–D. Decided November 27, 2002.*

2002 WI 128

(Also reported in 653 N.W.2d 511.)

¶ 1. PER CURIAM. We review the recommendation of the referee that Earl A. Charlton's license to practice law in Wisconsin be reinstated. The Office of Lawyer Regulation (OLR) and the Board of Bar Examiners join in that recommendation.

¶ 2. We adopt the referee's findings of fact and conclusions of law and agree with his recommendation that Earl A. Charlton's license to practice law be reinstated, subject to compliance with current Continuing Legal Education (CLE) requirements. In addition, Mr. Charlton shall be required to pay the costs of the reinstatement proceeding.

¶ 3. Earl Charlton was admitted to practice law in Wisconsin in 1950 and engaged in private practice in Milwaukee. In 1993 Mr. Charlton's license to practice law was revoked based on professional misconduct involving complex conflict of interest matters with respect to business ventures in which he was involved both as a lawyer representing clients and as an investor. The misconduct included engaging in misrepresentations to parties in business transactions in which he was professionally and personally involved, attempting to settle a client's case in exchange for a favorable letter to the Board of Attorneys Professional Responsibility (BAPR) (the predecessor to OLR), failing to maintain complete trust account records, making misrepresentations to BAPR, and practicing law under the name of a firm suggesting a partnership or service corporation when there was none. *See In re Disciplinary Proceedings Against Charlton,* 174 Wis. 2d 844, 498 N.W.2d 380 (1993).

¶ 4. Mr. Charlton filed a petition for reinstatement in August 1998. After conducting public hearings BAPR recommended against reinstating Mr. Charlton's license at that time. This court denied his petition for reinstatement by order dated May 8, 2001. This court also waived the waiting period for filing a new petition for reinstatement and provided that Mr. Charlton could immediately file a new petition for reinstatement.

¶ 5. On July 6, 2001, Mr. Charlton filed a second petition for reinstatement of his license under SCR 22.28.[1] Attorney Timothy L. Vocke was assigned as referee. The referee held a public hearing on the

---

[1] SCR 22.28 provides: License reinstatement.

(1) An attorney suspended from the practice of law for nonpayment of state bar membership dues or failure to comply with the trust account certification requirement or continuing legal education requirements may seek reinstatement under the following rules, as applicable:

(a) An attorney whose suspension for nonpayment of state bar membership dues has been for a period of less than 3 consecutive years may seek reinstatement under SCR 10.03(6m)(a).

(b) An attorney whose suspension for failure to comply with the continuing legal education requirements has been for a period of less than 3 consecutive years may seek reinstatement under SCR 31.11(1).

(c) An attorney whose suspension for nonpayment of state bar membership dues has been for a period of 3 or more consecutive years may seek reinstatement under SCR 10.03(6m)(b).

(d) An attorney whose suspension for failure to comply with the continuing legal education requirements has been for a period of 3 or more consecutive years may seek reinstatement under SCR 31.11(1m).

(e) An attorney who has been suspended for failure to comply with the trust account certification requirement under SCR 20:1.15(g) may seek reinstatement under SCR 10.03(6m)(c).

reinstatement petition in August 2002. Various witnesses testified at the hearing. The referee issued his report and recommendation on September 11, 2002.

¶ 6.  The referee found that no evidence was presented at the public hearing to cast doubt upon Mr. Charlton's present qualifications to practice law and that Mr. Charlton had satisfactorily addressed all of the requirements for reinstatement set forth in SCR 22.29(4).[2]

¶ 7.  The referee's report indicates that Mr. Charlton said he fully understood that his license to practice

(2) The license of an attorney suspended for misconduct for less than six months shall be reinstated by the supreme court upon the filing of an affidavit with the director showing full compliance with all the terms and conditions of the order of suspension and the director's notification to the supreme court of the attorney's full compliance.

(3) The license of an attorney that is revoked or suspended for misconduct for six months or more shall be reinstated pursuant to the procedure set forth in SCR 22.29 to 22.33 and only by order of the supreme court.

[2] SCR 22.29(4) provides:

(4) The petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

law was revoked because of various conflicts of interest that arose when he was trying to represent himself, his businesses, and various partners. Mr. Charlton said he not only understood why his license was revoked but agreed that revocation was appropriate, and he said he knows what he has to do in the future to avoid conflicts. He said if his license to practice law is reinstated he will not provide legal services to any of his various businesses. He said the reason he wants his license reinstated is so he can be "of counsel" with his son's law firm providing mentoring and assistance to the various attorneys in the firm. He said he has no desire to start his own law practice and would like an opportunity to handle cases on a pro bono basis.

¶ 8.   After a review of the record we conclude that Earl A. Charlton has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria for reinstatement. Accordingly, we adopt the

---

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct or, if not, the petitioner's explanation of the failure or inability to do so.

referee's findings of fact and conclusions of law and we agree with the referee's recommendation that Mr. Charlton's license to practice law in Wisconsin be reinstated.

¶ 9.   IT IS ORDERED that the petition for reinstatement of the license of Earl A. Charlton to practice law in Wisconsin is granted, effective the date of this order, subject to compliance with current CLE requirements.

¶ 10.   IT IS FURTHER ORDERED that within six months of the date of this order Earl A. Charlton pay to the OLR the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Earl A. Charlton to practice law in Wisconsin shall be suspended until further order of the court.